IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:19-CR-304 |
| | : | |
| v. | : | |
| | : | |
| **DARRYL PIERCE** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is Defendant's Pretrial Motion to Dismiss Count 5 of the Indictment. (Doc. 25.) For the reasons outlined below, the motion will be denied.

### I.   BACKGROUND

On October 23, 2019, a grand jury indicted Defendant Darryl Pierce ("Defendant") for multiple offenses, including Count 5, possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) On October 13, 2020, Defendant filed a motion to dismiss Count 5. (Doc. 25.) On November 12, 2020, the Government filed its opposition (Doc. 31) which Defendant replied to on December 10, 2020 (Doc. 34). The motion is thus ripe for review.

### II.   STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 7(c)(1), a criminal "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." In applying Rule 7(c)(1) to a motion to dismiss an indictment, the Third Circuit has held:

1

> An indictment is sufficient so long as it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution. Moreover, no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.

*United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2011) (internal citations, quotations, and brackets omitted).

Instead of arguing that the indictment is factually deficient, a defendant can raise a motion to dismiss on a constitutional basis. *See, e.g., United States v. Williams*, No. 11-CR-247, 2012 WL 5208651, at *1 (W.D. Pa. Oct. 22, 2012). There are two different types of constitutional challenges to a statute—a "facial" challenge or an "as-applied" challenge. *See Constitution Party of Pa. v. Cortes*, 824 F.3d 386, 394 (3d Cir. 2016). A defendant raising a "facial" challenge argues that the statute the Government alleges Defendant violated is unconstitutional upon its face because Congress lacked constitutional authority to enact it. *Id.* A defendant raising an "as-applied" challenge argues that the statute need not be invalidated in its entirety, but that it would be unconstitutional to apply it to the facts before the court. *Id.*

### III. DISCUSSION

    a. <u>§ 922(g)(1) is Constitutional Both Facially and As-Applied Here.</u>

Under 18 U.S.C. § 922(g)(1):

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting interstate commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Defendant argues that Count 5 should be dismissed because § 922(g)(1) is unconstitutional. The nature of Defendant's argument, however, is not clear from his briefing. Defendant begins by explicitly saying that § 922(g)(1) "is unconstitutional on its face." (Doc. 26, p. 2.) Defendant, however, does not argue that Congress lacked constitutional authority to pass § 922(g)(1). Instead, Defendant argues that he is only being prosecuted for possessing a gun that crossed state lines at some point, but that this is an insufficient fact to show his possession of the gun is related to interstate commerce. (*See* Doc. 26, pp. 3-7.) This argument appears to be an as-applied challenge.

    Regardless, the Third Circuit has rejected both arguments. In *United States v. Coward*, the Third Circuit rejected both a facial and as-applied challenge to § 922(g)(1), specifically holding that evidence a firearm "had traveled in interstate

commerce, at some time in the past, [is] sufficient to satisfy the interstate commerce element."  296 F.3d 176, 183 (3d Cir. 2002) (quoting *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001)); *see also United States v. Gateward*, 84 F.3d 670 (3d Cir. 1996) (same).

Defendant tries to circumnavigate these cases by arguing that they contradict the United States Supreme Court decision of *United States v. Lopez*, 514 U.S. 549 (1995), but the Third Circuit has already addressed this argument.  In *Lopez*, the Supreme Court invalidated a statute outlawing the possession of guns near school zones, finding that the statute was unconstitutional on its face because it "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce."  *Id.* at 562.  In *Gateward*, the Third Circuit distinguished *Lopez* by holding that § 922(g) does contain a jurisdictional element, explicitly limiting its application to situations in which the gun in question in some way concerns interstate commerce.  84 F.3d at 671-672.

Defendant argues that the Third Circuit's reading of *Lopez* too narrowly confined it to its facts, while later Supreme Court jurisprudence held that *Lopez* actually constituted a fundamental shift in commerce clause jurisprudence.  *See United States v. Morrison*, 529 U.S. 598, 607 (2000); *Jones v. United States*, 529 U.S. 848, 858 (2000).  Third Circuit cases post-dating *Morrison* and *Jones*, however,

4

have explicitly held that this expansive view of *Lopez* is still consistent with the constitutionality of § 922(g).  *See Singletary*, 268 F.3d at 200; *see also Coward*, 296 F.3d at 183.  The Third Circuit came to its conclusion by relying, in part, on *Scarborough v. United States*, 431 U.S. 563 (1977).  There, the Supreme Court held that the Government could prosecute a defendant for being a felon in possession of a firearm—under the predecessor statute to § 922(g)(1)—as long as "the firearm possessed by the convicted felon traveled at some time in interstate commerce."  *See Singletary*, 268 F.3d at 197 (quoting *Scarborough*, 431 U.S. at 568).  Thus, the Third Circuit has already addressed the full spectrum of Commerce Clause jurisprudence in coming to its conclusion that a person can be prosecuted under § 922(g)(1) merely for having a gun that has traveled in interstate commerce at some point.  While Defendant has raised some creative arguments, this court has no authority to reject the Third Circuit's holdings.

> b. <u>There is No Legal Requirement That the Government Accuse Defendant of Knowing That His Gun Traveled in Interstate Commerce.</u>

Defendant also argues that the Government has failed to adequately allege that Defendant violated § 922(g)(1) because it has not accused him of knowingly violating the Commerce Clause element of § 922(g).  Because there is no legal requirement that the Government make such a showing, the court will deny the motion on these grounds.

"§ 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element [such as being a felon]; (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *United States v. Rehaif*, 139 S. Ct. 2191, 2195-2196 (2019). In *Rehaif*, the United States Supreme Court considered whether the Government must show that the defendant knew he was one of the people barred from possessing a firearm. *Id.* The Court answered yes for two reasons. *Id.* First, the Court stated that courts must presume some level of scienter is needed for every element listed in a criminal statute. *Id.* Second, the Court explained that the level of scienter that must be shown can be found by reading the applicable statutory scheme in its entirety. *Id.* In examining the statutory scheme § 922 falls within, the Court found that 18 U.S.C. § 924 explicitly created a requirement that the Government show Defendant "knowingly" violated its elements, so the Court held that the Government must also show the Defendant "knowingly" violated the elements of § 922(g). *Id.*

Defendant argues that *Rehaif* should be extended to create a requirement that the Government show Defendant knowingly violated the jurisdictional element in § 922(g) as well. This issue was not before the Supreme Court in *Rehaif*. *Id.* ("No one here claims the word 'knowingly' modifies the statute's jurisdictional element."). Nonetheless, the Court's dicta actually suggests the opposite:

6

> Jurisdictional elements do not describe the evil Congress seeks to prevent, but instead simply ensure that the Federal Government has the constitutional authority to regulate the defendant's conduct (normally, as here, through its Commerce Clause Power). Because jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter.

*Id.* (internal citations omitted); *see also Torres v. Lynch*, 136 S.Ct. 1619, 1630-31 (2016) ("[T]he existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute.") (internal quotations omitted). Defendant's argument thus fails.

## IV.  CONCLUSION

For the reasons outlined above, the court will deny Defendant's motion to dismiss. An appropriate order will follow.

> */s/ Sylvia H. Rambo*
> SYLVIA H. RAMBO
> United States District Judge

Dated: January 12, 2021