IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 1:19-CR-00304 |
| v. | : |
| DARRYL PIERCE | : Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court are motions in limine filed by Defendant Darryl Pierce (Doc. 46) and the government (Doc. 48). For the reasons set forth below, the motions will be granted in part and denied in part.

I. **BACKGROUND**

In October 2019, a grand jury indicted Defendant Darryl Pierce on two counts of distributing marijuana, one count of possession with the intent to distribute marijuana, one count of possessing a firearm in furtherance of drug trafficking, and one count of possession of a firearm by a prohibited person. (Doc. 1.) The firearm charges arose from an August 2018 search of Defendant's residence during which law enforcement located a 9 mm Glock firearm with a loaded extended magazine clip under a pillow on Defendant's bed in Defendant's bedroom. Records show that the firearm was purchased by Defendant's girlfriend, Nishay Carrier, who was present during the search and told police that she owned a Glock handgun.

1

In July 2016, approximately two years before the search of Defendant's residence, law enforcement executed a separate search of Defendant's residence in which they found a different Glock pistol on Defendant's bed in Defendant's bedroom, as well as two large capacity magazines located under Defendant's mattress. The bed and bedroom from which the pistol was recovered in July 2016 was the same bed and bedroom, in the same residence, that was involved in the August 2018 search.

The basis of the July 2016 search was a social media post by Defendant, which consisted of a 35-minute live streamed video of Defendant speaking to the camera and smoking and handling marijuana. The video depicts Defendant shirtless and wearing one gold and one silvered-colored neckless, as well as a watch. At 5:05-5:26 in the video, Defendant says to the camera: "I fell asleep with the jewls on. That's how I'm comfortable. I don't trust these motherfuckers. I don't trust niggas when I'm asleep. They might take the chain off my motherfucking neck. Or my watch. So I sleep with this shit on and I keep my pistol right beside me." Defendant then quickly backtracks and says, "psych, no I'm fucking with y'all. I don't keep nothing beside me." Several minutes later, law enforcement responded to the residence and arrested Defendant, and thereafter obtained a search warrant and recovered the Glock pistol and magazines from Defendant's bed.

On May 28, 2021, the government filed a motion in limine and notice of intent to introduce at trial Defendant's statement in the July 2016 video concerning his keeping a pistol next to him while he sleeps, as well as evidence of Defendant's 2016 possession of a Glock firearm, magazines and ammunition. (Doc. 48.) Defendant has also filed a motion in limine, which requests that the video and evidence regarding Defendant's 2016 possession of a firearm and ammunition be ruled inadmissible at trial. (Doc. 46.) Defendant's motion also requests that an undated photograph recovered in the 2018 search, which purportedly shows Defendant holding a gun, also be ruled inadmissible.[1] Trial is scheduled to begin on June 7, 2021.

## II. STANDARD OF REVIEW

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act" for which the defendant is not charged is inadmissible to show that the defendant has a propensity to act in a certain manner. Fed. R. Evid. 404(b)(1). Such evidence may be admissible, however, for another relevant purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Third Circuit has explained that "Rule 404(b) is a rule of general exclusion, and carries with it 'no presumption of admissibility.'" *United*

---

[1] To the extent that Defendant's motion also seeks to exclude images or videos of the firearm tattoos on Defendant's body, the motion will be granted.

*States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:28, at 731 (4th ed. 2013)). Therefore, evidence of uncharged crimes or wrongs is "inadmissible unless the evidence is (1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested." *Id.* Because of the highly prejudicial nature of other-acts evidence, the rule "requires care from prosecutors and judges alike." *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013).

### III. **DISCUSSION**

The government's motion seeks to introduce Defendant's 2016 statement about sleeping with a pistol and the evidence regarding Defendant's 2016 possession of a firearm on his bed in order to prove his 2018 constructive and joint possession of the firearm purchased by Ms. Carrier, which was also found on Defendant's bed. The government represents that the defense has indicated that Ms. Carrier plans to testify at trial and claim ownership of the pistol, and that the 2016 evidence will therefore be introduced to establish Defendant's knowledge and identity and to combat any suggestion of mistake that the gun was placed accidentally in an area intimately associated with Defendant. As such, Defendant's knowledge regarding

4

the existence of the firearm and his exercise of dominion and control over the firearm will be a contested issue at trial. Given these circumstances, the government has shown that the evidence is being offered for a proper non-propensity purpose that is at issue in the case.

So too has the government established that the evidence is relevant to the identified purpose. Defendant's 2016 storage of a similar pistol on the same bed, in the same bedroom of the same residence, tends to make it more probable that he had knowledge and constructive possession of the pistol uncovered from his bed in 2018. *See* Fed. R. Evid. 401(a). Likewise, Defendant's 2016 statement that he sleeps with a pistol for protection has a tendency to make it more probable that he had knowledge and constructive possession of the pistol found on his bed in 2018. *See id.* Such knowledge and constructive possession is of consequence in determining the action given the fact that Defendant is expected to put on evidence disavowing his possession of the firearm. *See* Fed. R. Evid. 401(b).

In addition, the government has demonstrated that the probative value of the evidence outweighs any potential prejudice. The 2016 evidence is highly probative of Defendant's knowledge and constructive possession of the pistol recovered from his bed, and the documentary nature of the evidence only bolsters its strength. The evidence is unlikely to cause confusion or delay and any risk of prejudice can be

effectively minimized through a relatively straightforward limiting instruction directing the jury that it may not consider the evidence for an improper purpose.

The potential for prejudice will be further minimized by limiting the scope of admissibility. Specifically, the government will be permitted to introduce only one small portion of the social media post—the audio of the language quoted above. The government's motion makes no argument that the video itself is probative, and preventing disclosure will avoid any prejudice associated with Defendant's visible gun tattoos and his smoking and handling of marijuana in the video. In addition, the government will not be permitted to introduce any evidence from the 2016 search other than the gun and ammunition that was located on Defendant's bed and under his mattress.

Finally, Defendant's motion will be conditionally granted to the extent it requests that the court exclude evidence of an undated photograph depicting an unidentified person holding a gun. The court's ruling in this respect is without prejudice to the government's right to demonstrate at trial, outside the presence of the jury, that the photograph is relevant and that a proper foundation may be laid for its introduction.

## IV. CONCLUSION

For the reasons set forth above, the motions in limine filed by the government and Defendant will be granted in part and denied in part. An appropriate order shall follow.

                                                      s/Sylvia H. Rambo
                                                      Sylvia H. Rambo
                                                      United States District Judge

Dated: June 3, 2021